**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO. 1:18-cv-00317

RYAN RUSSELL PARKS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Ryan Parks' ("Defendant") Motion to Suppress Statements.  (ECF No. 50.)  For the reasons discussed more fully herein, the Court **DENIES** Defendant's motion.  (ECF No. 50.)

## I.   BACKGROUND

The complete factual history of this case is detailed in the Court's Memorandum Opinion and Order entered on July 3, 2019.  (ECF No. 95.)  Thus, the Court will only include facts that are relevant to its present inquiry.  The following facts are taken from Defendant's briefing and the pre-trial motions hearing held on July 3, 2019.

On January 10, 2018, Baltimore County police officers arrested Defendant at a state probation office pursuant to an arrest warrant issued by The District Court of the State of Maryland for sex trafficking offenses related to the underlying occurrences in the present case.  (*See* ECF No. 50-1 at 1.)  Officers transported Defendant to the Baltimore County Wilkens Precinct for processing.  (*See id.*)  Maryland State Corporal Christopher Heid ("Cpl. Heid") and Detective Chad Lettau ("Det. Lettau") took Defendant into a room, explained to Defendant that they had an arrest warrant for him,

and asked Defendant if he wanted to speak with them.   Cpl. Heid testified that Defendant stated that he was interested in speaking with them.   Cpl. Heid and Det. Lettau then advised Defendant of his *Miranda* rights and proceeded to question Defendant.   (*See* ECF No. 50-1 at 1; *see also* ECF No. 53 at 6.)   This interview was not recorded.   (*See id.*)   During this interview, Defendant made inculpatory statements.

On January 22, 2018, the state dismissed its charges against Defendant and Federal Agent Patrick Winn ("Agent Winn") and Cpl. Heid took Defendant into federal custody.   (*See* ECF No. 50-1 at 1–2.)   Agent Winn and Cpl. Heid informed Defendant that he had been indicted by a Federal Grand Jury for Sex Trafficking.   (*See id.* at 2.)   After being advised of his rights, Defendant asked, "If I don't talk to you now, you're going to talk to me with my lawyer, correct?"   (*See id.* (citing Recorded Interview at 1:20–1:35).)   Agent Winn replied that, if Defendant did not talk to the agents now, Defendant and his lawyer could talk to them at another time.   (*See id.*)   Defendant then stated, "Yeah, I think I need an attorney."   (*See id.* (citing Recorded Interview at 1:35–2:10).)   Agent Winn asked Defendant, "You think you need an attorney?" to which Defendant replied, "Yeah because I'm not exactly sure what's really going on, so I need to fully understand what's going on."   (*See id.* (citing Recorded Interview at 2:10–2:22).) Defendant then stated that he wanted to "fully understand what's going on," (*see id.* (citing Recorded Interview at 2:10–2:22)), to which Agent Winn replied that he would explain the charges to Defendant and ask Defendant questions "about different people that were involved" including Defendant, (*see id.* (citing Recorded Interview at 2:22–2:33)). Defendant then agreed to talk to Agent Winn, (*see id.* (citing Recorded Interview at 2:33–2:45)), and signed a *Miranda* rights waiver form, (*see* ECF No. 53-2 at 4 (June 22, 2018 *Miranda* Waiver Form).).   The interview of Defendant subsequently continued wherein Defendant made additional inculpatory statements.

## II.   LEGAL STANDARD

"The burden of proof is on the party who seeks to suppress the evidence." *United States v. Hunter*, 63 F. Supp. 3d 614, 619 (E.D. Va. 2104) (citing *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981)).   If the defendant provides a basis for the motion to suppress, the burden shifts to the prosecution to prove the challenged evidence's admissibility by a preponderance of the evidence. *See id.*; *see also United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974).   During a pretrial hearing on a motion to suppress, "the credibility of the witnesses and the weight to be given the evidence, together with the inferences, deductions and conclusions to be drawn from the evidence, are all matters to be determined by the trial judge." *Hunter*, 63 F. Supp. 3d at 619 (quoting *United States v. McKneely*, 6 F.3d 1447, 1452–53 (10th Cir. 1993)) (internal citation omitted); *see also Columbus-Am. Disc. Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 567 (4th Cir. 1995) ("[I]n the usual case, the factfinder is in a better position to make judgments about the reliability of some forms of evidence than a reviewing body acting solely on the basis of a written record of that evidence.   Evaluation of the credibility of a live witness is the most obvious example." (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993))).

## III.   DISCUSSION

The Fifth Amendment protects criminal suspects from being compelled to make incriminating statements.   *See* U.S. Const. amend. V.   To protect this right, law enforcement must advise a suspect of his right to remain silent and have an attorney present whenever the suspect is subject to custodial interrogation.   *See Miranda*, 384 U.S. at 44; *see also United States v. Coppedge*, 490 F. App'x 525, 529 (4th Cir. 2012).   If a suspect "indicates in any manner that he does not wish to be interrogated, the police may not question him." *Miranda*, 384 U.S. at 445.   Questioning must also cease upon a Defendant's request for counsel.   *See Burket v. Angelone*, 208 F.3d 172, 198 (4th Cir. 2000) (citing

*Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981)).  A suspect may waive his rights under *Miranda* and choose to speak with law enforcement if that waiver is voluntarily, knowingly, and intelligent given.  *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  The government bears the burden of proving a suspect's waiver by a preponderance of the evidence.  *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

Further, even if a suspect waives his *Miranda* rights, a suspect's statement is inadmissible if it is involuntary.  *See United States v. Cristobal*, 293 F.3d 134, 143 (4th Cir. 2002).  "The test for determining whether a statement is involuntary under the Due Process Clause is whether the defendant's will has been 'overborne' or his 'capacity for self-determination critically impaired'" due to "coercive police conduct."  *United States v. Cristobal*, 293 F.3d 134, 140 (4th Cir. 2002) (internal quotation marks and citations omitted).

A.  *January 10, 2018 Statement*

As stated above, Defendant seeks to suppress his post-arrest statements made on January 10, 2018, while he was in state custody.  (*See* ECF No. 50.)  The Parties do not dispute that Defendant was subject to custodial interrogation for *Miranda* purposes when Defendant made his January 10, 2018 statement.  Thus, the Court's inquiry is whether Defendant was provided with adequate *Miranda* warnings and whether he waived his rights.

The testimony at the hearing indicated that Cpl. Heid read Defendant his rights; that Defendant stated he understood those rights; that Defendant signed a *Miranda* rights waiver form; and that Defendant subsequently began answering questions.  (*See* ECF No. 53-2 at 2 (January 10, 2018 Miranda Waiver Form).)  The record indicates that Defendant was calm during this process and that he did not seem confused.  Additionally, there is no indication in the record that there was any defect or involuntariness in Defendant's waiver or that Cpl. Heid or Det. Lettau threatened, made

promises, or otherwise coerced Defendant into signing this waiver. As such, the Government has met its burden of showing, by a preponderance of the evidence, that Defendant was adequately advised of his Miranda rights and knowingly and voluntarily waived them, rendering his statement admissible.[1] *See Moran*, 475 U.S. at 421–22 (finding that the defendant validly waived his rights where the record was "devoid of any suggestion" of police coercion and there is no question the suspect comprehended his *Miranda* warnings); *see also United States v. Ventura*, No. 10-cr-770, 2013 WL 1455278, at *13 (D. Md. Apr. 8, 2013).

Further, the record does not indicate that Defendant's statements following his waiver were involuntary. There is no indication that Cpl. Heid or Det. Lettau, or any other law enforcement officer, coerced Defendant into making these statements or engaged in any conduct that caused Defendant's will to be overborne. *See Cristobal*, 293 F.3d at 140 ("Coercive police activity is a necessary predicate to a finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."). In fact, Cpl. Heid testified that Defendant was calm and seemed as if he was having a casual conversation throughout the entire interrogation. Accordingly, the Court **DENIES** Defendant's motion to suppress insofar as it seeks suppression of his January 10, 2018 statements. *See id.* at 143 ("Because we find that Cristobal's waiver was given voluntarily, and because we find no intervening coercion on the part of the agents, it follows that the statements given after the waiver were voluntary as well.").

B. *June 22, 2018 Statement*

Defendant further moves to suppress his June 22, 2018 statement, arguing it was obtained in violation of his Fifth and Sixth Amendment rights as Defendant unequivocally requested counsel.

---

[1] The Court notes that, to the extent that Defendant argues that his January 10, 2018 statement was obtained in violation of the Sixth Amendment, the Sixth Amendment right to counsel had not attached yet as Defendant was not yet been charged. *See United States v. Alvarado*, 440 F.3d 191 (4th Cir. 2006) (stating that the Sixth Amendment right to counsel does not attach immediately after arrest and before arraignment).

5

(*See* ECF No. 50-1 at 3–10.)

As stated above, under the Fifth Amendment, there is a right to counsel whenever a person is subject to custodial interrogation. *See Miranda*, 384 U.S. at 444–45; *see also McNeil v. Wisconsin*, 501 U.S. 171, 176–77 (1991). A suspect's invocation of his right to counsel under the Fifth Amendment must be clear and unambiguous. *Davis v. United States*, 512 U.S. 452, 458–60 (1994). Where a suspect makes an ambiguous statement regarding his desire for counsel, officers are not required to stop questioning the suspect. *Id.* at 452. The Supreme Court and the Fourth Circuit have found that phrases such as "Maybe I should talk to a lawyer," "I think I might need to talk to a lawyer," and "I don't think I want to say anything more until I talk to a lawyer" were not clear invocations of the right to counsel. *United v. Davis*, No. 17-cr-493, 2018 WL 4282634, at *4 (D. Md. Sept. 7, 2018); *Davis*, 512 U.S. at 455; *United States v. Smith*, 281 F. App'x 198, 200 (4th Cir. 2008).

Here, Defendant was advised of his *Miranda* rights and signed a *Miranda* waiver form attesting that he understood his right to remain silent and have counsel present and that he knowingly and voluntarily waived these rights. (*See* ECF No. 53-2 a 4 (June 22, 2018 Miranda Waiver Form).) There is no indication in the record that Defendant's will was overborne or that law enforcement, including Cpl. Heid and Agent Winn, made any promises or threats to Defendant that caused Defendant to waive his rights. Further, while Cpl. Heid testified that Defendant seemed confused when he was first arrested on his federal charges, Cpl. Heid also testified that this confusion dissolved and Defendant stated he clearly understood his *Miranda* rights waiver.

Further, Defendant did not unequivocally invoke his right to counsel. As stated above, following being taken into federal custody, Defendant asked, "If I don't talk to you now, you're going to talk to my lawyer, correct?" (*See* ECF No. 50-1 at 2 (citing Recorded Interview at 1:20–1:35).)

Agent Winn responded that Defendant and his lawyer could talk to them at a later time. Defendant then stated, "Yeah, I think I need an attorney." (*See id.* (citing Recorded Interview at 1:35–2:10).) Agent Winn asked Defendant, "You think you need an attorney?" to which Defendant replied, "Yeah because I'm not exactly sure what's really going on, so I need to fully understand what's going on." (*See id.* (citing Recorded Interview at 2:10–2:22).) Agent Winn informed Defendant that he would explain what the charges against Defendant and help Defendant understand. (*See id.* at 2–3 (citing Recorded Interview at 2:22–2:33).) Defendant subsequently agreed to talk to Agent Winn and signed a *Miranda* waiver form. (*See id.* at 3; *see also* ECF No. 53-2 at 4.)

Pursuant to Fourth Circuit and this District's precedent, Defendant's statements do not constitute a clear and unequivocal invocation of his right to counsel. *See Smith*, 281 F. App'x at 200 (finding that the phrase "I think I might need to talk to a lawyer" was not a clear invocation of the right to counsel); *see also Burket*, 208 F.3d at 197–98 (finding similarly). Thus, Defendant did not unequivocally invoke his right to counsel.

Defendant argued at the pretrial motions hearing that, because Defendant had already been indicted, his Sixth Amendment right to counsel had also attached. Under the Sixth Amendment, there is a right to counsel in all criminal prosecutions that attaches "once a prosecution is commenced . . . 'by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *McNeil*, 501 U.S. at 175 (quoting *United States v. Gouveia*, 467 U.S. 180, 188 (1984)). However, even though Defendant's Sixth Amendment right to counsel had attached, Defendant still knowingly waived those rights when he was advised of and waived his *Miranda* rights. *See Patterson v. Illinois*, 487 U.S. 285, 296 (1988) ("As a general matter, then, an accused who is admonished with the warnings prescribed by this Court in *Miranda* . . . has been sufficiently apprised of the nature of his Sixth Amendment rights, and of the consequences of abandoning those rights, so that his waiver on

this basis will be considered a knowing and intelligent one."); *United States v. Muca*, 945 F.2d 88, 89 (4th Cir. 1991) ("*Miranda* warnings given [defendant] were sufficient to advise him of his post-indictment Sixth Amendment right to counsel."); *see also Mormon v. United States*, No. 12-cr-592, 2017 WL 2955740, at *3 (D. Md. July 11, 2017) (citing *Patterson*, 487 U.S. at 296) ("In other words, in contexts such as those in which Mormon confessed—namely, custodial interrogation in which law enforcement officers advise the suspect of his rights—the Fifth and Sixth Amendment inquiries are essentially one and the same."). Thus, as Defendant was advised of his *Miranda* rights and knowingly waived them, the Court finds Defendant voluntarily waived his right to counsel.[2] *See Moran*, 475 U.S. at 422–23 ("Once it is determined that a suspect's decision not to rely on his rights was uncoerced, that he at all times knew he could stand mute and request a lawyer, and that he was aware of the State's intention to use his statements to secure a conviction, the analysis is complete and the waiver is valid as a matter of law.").

Lastly, nothing in the record indicates that Defendant's post-*Miranda* waiver statements were involuntary. There is no indication that any law enforcement officer coerced Defendant or otherwise engaged in overreaching conduct that forced Defendant to confess. Defendant argued at the hearing that the procedure of questioning Defendant while he was being transferred from state to federal custody was unfair. However, even if Defendant felt that this common process was unfair, there is still no indication in the record, nor does Defendant argue, that law enforcement threatened, coerced, or exerted improper influence over Defendant to extract his statements. As such, under the totality of the circumstances, Defendant's confession was knowingly and voluntarily made. *See United States v. Holmes*, 670 F.3d 586, 593 (4th Cir. 2012); *see also Cristobal*, 293 F.3d at 140 ("Coercive

---

[2] To the extent Defendant argues that his right to counsel carried over from his state custody, that right to counsel did not survive his state charge dismissal as the Sixth Amendment right to counsel is offense specific. *See United States v. Alvarado*, 440 F.3d 191, 198 (4th Cir. 2006) ("Since defendant's state and federal offenses were inherently distinct under the dual sovereignty doctrine, they cannot be the same offense for purposes of the Sixth Amendment right to counsel.")

police activity is a necessary predicate to a finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment."). Accordingly, Defendant's June 22, 2018 statements are admissible.

### C. *CONCLUSION*

For the reasons discussed more fully above, the Court **DENIES** Defendant's Motion to Suppress Statements. (ECF No. 50.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 8, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE