## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 1:18-cv-00317

RYAN RUSSELL PARKS,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ryan Parks' ("Defendant") Motion in Limine to exclude the testimony of the Government's expert witness, FBI Special Agent Carrie Landau ("SA Landau"). (ECF No. 70.) For the reasons discussed more fully below, the Court **GRANTS IN PART**[1] and **DENIES IN PART** Defendant's Motion in Limine. (ECF No. 70.)

The complete factual and procedural history of this case is detailed in the Court's previous opinions and orders. (*See* ECF Nos. 95, 100.) Thus, that discussion need not be repeated here. As relevant for the present inquiry, on June 24, 2019, Defendant filed the present motion in limine to, in part, exclude the expert testimony of SA Landau regarding the subculture and business of sex trafficking and prostitution. (*See* ECF No. 70 at 2.) In the pretrial motions hearing on July 3, 2019, the Court asked the Parties to confer and try to reach an agreement regarding SA Landau's testimony. However, the Parties have represented to the Court that they were not able to reach an agreement. Defendant further requests a *Daubert* hearing regarding any matter SA Landau intends to testify about.

---

[1] For the reasons discussed in the pre-trial motions hearing on July 3, 2019 and this Court's Memorandum Opinion and Ordered entered on that same day, (ECF No. 95), the Court **GRANTS IN PART** Defendant's motion in limine insofar as it requests that the Court preclude a 911 call and other related materials to the assault of victim Y.J. (ECF No. 70).

Federal Rule of Evidence 702 provides the following:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Thus, expert testimony is admissible if "it rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993). "An expert's testimony is relevant if it has a valid scientific connection to the pertinent inquiry," and is reliable if it is "based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *See Belville v. Ford Motor Co.*, 919 F.2d 224, 232 (4th Cir. 2019).

Here, as stated above, the Government seeks to offer the testimony of SA Landau on matters relating to the subculture and business of prostitution and sex trafficking. (*See* ECF No. 80 at 1.) Specifically, SA Landau will testify about the relationship between sex traffickers and their victims. (*See id.*) Defendant argues that this testimony is irrelevant and will invade the province of the jury.[2] (*See* ECF No. 70 at 3, 4.) However, the Government asserts that this testimony is relevant to assessing the minor victims' credibility and understanding their testimony regarding their relationship with Defendant. (*See* ECF No. 80 at 3.) The Government further asserts that this testimony is

---

[2] Defendant also argues that the Government has not provided the scientific basis for SA Landau's proposed testimony. (*See* ECF No. 70 at 4, 5.) Here, SA Landau's testimony is not based on scientific knowledge, but specialized knowledge regarding the business of sex trafficking. Rule 702 explicitly allows expert testimony that is based on "specialized knowledge," other than scientific or technical knowledge, as long as it is not based on "belief or speculation." *See Belville v. Ford Motor Co.*, 919 F.2d 224, 232 (4th Cir. 2019). To the end of establishing that SA Landau's knowledge is not speculative, the Government has shown that SA Landau's testimony will be based on her specialized knowledge of sex trafficking of children, which she gleaned through extensive training and experience investigating these crimes. (*See* ECF No. 80-1 (Expert Notice).) Accordingly, the Court finds that the Government has provided sufficient basis for SA Landau's testimony. *See, e.g.*, *United States v. Warren*, No. 18-4562, 2019 WL 2156533, at *3 (4th Cir. May 17, 2019).

necessary in order for the jury to understand the evidence regarding the methods employed by sex traffickers to recruit and control their victims.  (*See id.*)

As an initial matter, although the Parties do not appear to dispute it, the Court notes that SA Landau is qualified to offer expert testimony in this case.  The proponent of the expert bears the burden of proving that the expert is qualified.  *See United States v. Davis*, 602 F. Supp. 2d 658, 663, 681 (D. Md. 2009).  Here, SA Landau has extensive experience investigating the sex trafficking of children, having been involved in approximately 120 sex trafficking investigations in which she interviewed over 500 sex trafficking victims and 50 suspected sex traffickers.  (*See* ECF No. 80-1 at 1.)  Additionally, SA Landau served as the Crimes Against Children Coordinator of the Chicago Division of the FBI for six years, where she acted as the liaison between federal and local agencies investigating prostitution crimes.  (*See id.*)  Further, SA Landau has previously been qualified as an expert in at least three other federal cases.  (*See* ECF No. 80 at 4.)  Accordingly, the Court finds that SA Landau is qualified as an expert witness in sex trafficking.  *See, e.g.*, *United States v. Warren*, No. 18-4562, 2019 WL 2156533, at *3 (4th Cir. May 17, 2019) (finding that a special agent was qualified as an expert on human trafficking based on the agent's extensive experience investigating human trafficking); *United States v. Jackson*, No. 2:16-cr-00054, 2017 WL 2362351, at *3 (D. S.C. May 31, 2017) (finding similarly).

Several circuits, including the Fourth Circuit, have affirmed the admissibility of the testimony of law enforcement officers as experts to testify about the relationship between prostitutes and pimps in sex trafficking cases.  *See, e.g.*, *Warren*, 2019 WL 2156533, at *3 (finding no abuse of discretion in admitting expert testimony on the typical manner in which human trafficking operates); *United States v. Geddes*, 844 F.3d 983, 991 (8th Cir. 2017) (finding no abuse of discretion in admitting expert testimony on the nature of sex trafficking operations); *United States v. Anderson*, 560 F.3d 275, 281

(5th Cir. 2009) (finding no abuse of discretion in allowing expert testimony on the behavior of pimps); *United States v. Sutherland*, 191 F. App'x. 737, 740–41 (10th Cir. 2006) (finding no abuse of discretion in allowing expert testimony on the general methods of prostitute recruitment and management). These courts have generally found this testimony to be relevant in explaining the subculture of prostitution and sex trafficking, finding that this subculture is not common knowledge, and testimony helpful to the jury to better understand and evaluate the testimony of sex trafficking victims. *See id.*

Here, SA Landau's testimony is similarly relevant as it will explain the subculture of commercial sex work and will thus give context to the allegations in this case. Rather than "invade the province of the jury," the Court finds that SA Landau's testimony will assist the jury in understanding and evaluating the victims' testimony regarding how the Defendant allegedly recruited them to perform commercial sex work and how Defendant controlled them. *See, e.g.*, *Warren*, 2019 WL 2156533, at *3 (finding that the special agent's testimony "aided the jury in better understanding some of the concepts and events described by the victim and in assessing the victim's credibility" and that without the agent's testimony, "the jury would have had no way of determining whether the victim's experiences were common, unique, or implausible"); *Jackson*, 2017 WL 2362351, at *3 (finding that a special agent's testimony "would be relevant in giving the jury the context to evaluate the testimony, particularly as it relates to the means used to recruit and control minors for prostitution as well as to the pimp-prostitute subculture."). As such, the Court will allow the expert testimony of SA Landau and **DENY IN PART** Defendant's motion in limine insofar as it requests the preclusion of this testimony.

Further, to the extent Defendant requests a *Daubert* hearing, the Court denies that request. SA Landau's testimony will not involve any scientific testing or procedure that would require either

Party to inquire as to its reliability/admissibility. Rather, as stated above, the issue here is whether SA Landau's testimony is relevant. Thus, a *Daubert* hearing is not necessary. *See Davis*, 602 F. Supp. 2d at 663, 678 (citing *Maryland. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 785 (4th Cir. 1998)) ("It is clear that a court is not required to hold a hearing simply because a party raised a *Daubert* issue."); *see also United States v. Chikvashvili*, 114 F. Supp. 3d 300, 304 (D. Md. 2015) (finding that a *Daubert* hearing was unnecessary where the defendant did not question the expert's qualifications or the reliability of the expert's methodology). However, the Court will permit Defendant to *voir dire* SA Landau once the Government has tendered SA Landau as an expert at trial. *See, e.g.*, *United States v. Willock*, 696 F. Supp. 2d 536, 548 (D. Md. 2010) (denying the motion for a Daubert hearing but allowing the defendant to *voir dire* an expert on gang formation and subculture once the expert was tendered at trial).

Accordingly, for the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion in limine. (ECF No. 70.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   July 9, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE