IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. TEJ-18-0317

RYAN RUSSELL PARKS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On July 18, 2019, Defendant Ryan Russell Parks was convicted following a jury trial on two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a) and one count of use of interstate facilities to promote an enterprise involving a prostitution offense in violation of 18 U.S.C. § 1952(a)(3). (*See* ECF No. 136.) Defendant now moves for a detention hearing and release from custody pending sentencing. (ECF No. 137.)

The Court first notes that Defendant brings his motion pursuant to 18 U.S.C. § 3142. (*See* ECF No. 137.) However, that section only applies to pretrial detention. *See* 18 U.S.C. § 3142(a) ("Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, *pending trial*, the person be . . ."); *see also United States v. Solerno*, 481 U.S. 739, 746–47 (1987). As Defendant has already been convicted and is awaiting sentencing, that statute cannot serve a basis for Defendant's motion for release pending sentencing.[1]

---

[1] To the extent Defendant seeks to revoke his consent to, or have the Court reconsider, his pre-trial detention, (*see* ECF No. 137 at 1, ¶ 2), the motion is untimely. Under Local Rule of Civil Procedure 105.10, applicable to criminal cases pursuant to Local Rule 207, motions for reconsideration must be filed "no later than fourteen (14) days after

1

18 U.S.C. § 3143 governs pre-sentence detention and provides the following:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). . . .

§ 3143(a)(1). The statute further provides that a judicial officer must order a defendant who has been found guilty of, among other offenses, a violation of 18 U.S.C. § 1591, detained pending sentencing unless the following conditions are present:

> (A)
> (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person;

§ 3143(a)(2)(A). If a judicial officer finds the above conditions exist, the judicial officer must further find by clear and convincing evidence that the defendant is "not likely to flee or pose a danger to any other person or the community" before ordering the defendant's release. § 3143(a)(2)(B); *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992).

Here, as stated above, Defendant was convicted of two violations of 18 U.S.C. § 1591. As such, § 3143(a)(2)(A) prohibits the Court from releasing him pending sentencing unless a "substantial likelihood" exists that a motion for a new trial or acquittal will be granted or the Government recommends no sentence of imprisonment. 18 U.S.C. § 3143(a)(2)(A)(i)–(ii).

---

entry of the order." Defendant had his last detention hearing in this case on November 18, 2018, during which he agreed to his continued detention pending trial. (*See* ECF No. 29.) Thus, to the extent the present motion seeks a reconsideration of that order, it is ten months late. Further, 18 U.S.C. § 3142(f) only provides that a detention hearing "[m]ay be reopened before trial." Here, as trial has already occurred, the matter of pre-trial detention may not be reopened.

Defendant has not moved for a new trial or acquittal, nor is the Court aware of any reason that such a motion would be substantially likely to be granted. Further, the Government has not recommended a sentence of no imprisonment in this case. *See* § 3143(a)(2)(A)(ii). As neither of these conditions are met, the Court need not consider whether Defendant is likely to flee or poses a danger to the community under § 3143(a)(2)(B). *See Taliaferro*, 779 F. Supp. at 839; *see also United States v. Lambert*, No. 2:09-cr-15, 2008 WL 2550601, at *2 (W.D.N.C. June 20, 2008) ("As Defendant meets neither of the two alternate conditions for release under § 3143(a)(2)(A), the Court need not address Defendant's argument that he meets the second mandatory condition under subsection (B)."). As such, Defendant must remain detained pending sentencing.

Accordingly, Defendant's motion for a detention hearing and request for release pending sentencing is **DENIED**, (ECF No. 137.) *See United States v. Irvin*, 2 F.3d 72, 73 n.1 (4th Cir. 1993) ("[B]oth subsections (A) and (B) must be satisfied in order to grant release pending sentencing."); *see also Lambert*, 2008 WL 2550601, at *2 ("[B]ecause Defendant cannot meet both requirements listed in § 3143(a)(2), the Court holds that the instant motion has no merit. It follows that the Government's request for a hearing on this matter is unnecessary.").

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 26, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE