IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN RUSSELL PARKS,

      Movant,

v.                                          CRIMINAL ACTION NO.   TEJ-18-cr-00317
                                               CIVIL ACTION NO.   1:22-cv-03058-TEJ

UNITED STATES OF AMERICA,

      Respondent.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court are five motions, all made by Ryan Russell Parks: (1) Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 188); (2) Motion for Leave to Amend his § 2255 motion, (ECF No. 203); (3) Motion Requesting Discovery Materials, (ECF No. 204); (4) Motion for Stay of Judgment in his underlying criminal case, (ECF No. 218); and (5) Motion Seeking Resolution of the motion for stay, (ECF No. 226). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). (ECF No. 190.)

Magistrate Judge Tinsley filed his PF&R on April 3, 2025, recommending that the Court deny all five motions. (ECF No. 227.) First, Magistrate Judge Tinsley recommends denying the § 2255 motion as time barred by the Antiterrorism and Effective Death Penalty Act. (*Id.* at 12–13, 16.) Second, because the underlying § 2255 motion is time barred, the PF&R recommends denying the motion for leave to amend as futile. (*Id.* at 13, 16.) Third, Magistrate Judge Tinsley

1

recommends denying the motion requesting discovery materials because no good cause for the requested discovery after the dismissal of the § 2255 motion. (*Id.* 13–14.) Finally, Magistrate Judge Tinsley recommends denying both motions relating to a stay of judgment because the underlying § 2255 motion is time barred. (*Id.* 14–16.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on April 21, 2025. (ECF No. 227.) To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 227), **DENIES** the five pending motions, (ECF Nos. 188, 203, 204, 218, 226), and **DISMISSES** this matter **WITH PREJUDICE**. The Clerk is **DIRECTED** to remove this case from the active docket of this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   May 2, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE